IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| ANJELLE WESTLEY<br><br>          PLAINTIFF,<br>    v.<br><br>DISTINCTIVE LIVING, LLC.<br><br>      DEFENDANT. | Civil Action No. |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Anjelle Westley, by and through her undersigned counsel, files this Complaint for failure to accommodate and retaliation in violation of 42 U.S. Code § 2000gg-1 against Defendant, Distinctive Living, LLC., and alleges as follows:

PARTIES

1.

Plaintiff Anjelle Westley ("Plaintiff" or "Ms. Westley") is a citizen and resident of the United States currently residing in Bartow County, Cartersville GA 30120.

2.

1

Defendant Distinctive Living, LLC ("Defendant" or "Distinctive Learning") is a premier 'boutique' senior living management company. The Company and may be served with process by serving its registered agent, Angelica Riera at 2636 Cedar Pine Way, Doraville, GA, 30360.

<u>JURISDICTION AND VENUE</u>

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C.§ 1343(a)(4).

4.

This suit is authorized and instituted pursuant to the Pregnant Workers Fairness Act of 2023, 42 U.S. Code § 2000gg-1 ("PWFA").

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission on May 3, 2024. Plaintiff received her Notice of Rights to Sue on January 10, 2025. Hence, Plaintiff has exhausted her administrative remedies and timely brings this action.

6.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred within this district.

FACTUAL BACKGROUND

7.

Ms. Westley was employed by Distinctive Living.

8.

Ms. Westley performed her job duties diligently and received positive feedback.

9.

On December 20, 2023, Ms. Westley requested a reasonable accommodation due to pregnancy-related complications.

10.

She asked to modify her work schedule to leave early as needed.

11.

Distinctive Learning's official, Lisa Robinson-Kerr ("Ms. Kerr"), acknowledged Ms. Westley's strong work ethic.

12.

Despite this, Ms. Kerr denied Ms. Westley's request for accommodation.

13.

Ms. Kerr stated that allowing the accommodation would not be acceptable to Ms. Westley's co-workers.

14.

On December 29, 2023, Ms. Westley submitted a second accommodation request.

15.

She requested to work remotely due to a COVID-19 outbreak at Distinctive Learning's workplace.

16.

Distinctive Learning did not grant this request.

17.

On January 3, 2024, Raenae St. Julian ("Ms. Julian"), the Regional Vice President of Operations and Sales, terminated Ms. Westley's employment.

## COUNT I
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF PWFA

18.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 17 of this Complaint as though fully set forth herein.

19.

Plaintiff was a qualified employee under 42 U.S.C. § 2000gg-1(6), as she was able to perform the essential functions of her job with reasonable

accommodation.

20.

Plaintiff had a known limitation related to her pregnancy, as defined under 42 U.S.C. § 2000gg(4), and she informed Distinctive Learning of her pregnancy-related complications on December 20, 2023.

21.

On December 20, 2023, Plaintiff requested a reasonable accommodation in the form of a modified work schedule, allowing her to leave early due to pregnancy-related complications.

22.

Distinctive Learning denied Plaintiff's request without engaging in the interactive process, as required under 42 U.S.C. § 2000gg(7).

23.

Distinctive Learning can not demonstrate that Plaintiff's request imposed an undue hardship as defined by 42 U.S.C. § 2000gg(7), instead stating that the accommodation would be unacceptable to Plaintiff's coworkers.

24.

On December 29, 2023, Plaintiff submitted a second request for reasonable accommodation, seeking to work remotely due to a COVID-19

outbreak at Distinctive Learning's workplace, which posed an increased health risk to Plaintiff as a pregnant individual.

25.

Distinctive Learning denied this request without engaging in the required interactive process or exploring alternative accommodations.

26.

The requested accommodations—modifying Plaintiff's schedule to leave early and allowing remote work during a health crisis—were reasonable under the PWFA and aligned with accommodations outlined in 42 U.S.C. § 12111(9)(B).

27.

Distinctive Learning failed to provide a reasonable accommodation to Plaintiff.

28.

Distinctive Learning's actions violated 42 U.S.C. § 2000gg-1 by failing to provide reasonable accommodations for Plaintiff's known pregnancy-related limitations.

## COUNT II
## RETALIATION IN VIOLATION OF PWFA

29.

Plaintiff re-alleges and incorporates by reference paragraphs 1 to 17 of

6

this Complaint as though fully set forth herein.

30.

Plaintiff was a qualified employee as defined under 42 U.S.C. § 2000gg-1(6).

31.

Plaintiff engaged in protected activity under the PWFA when she requested reasonable accommodations due to pregnancy-related limitations on December 20, 2023, and December 29, 2023.

32.

Distinctive Learning denied both accommodation requests without engaging in the interactive process, as required by 42 U.S.C. § 2000gg-1(7).

33.

Distinctive Learning displayed hostility toward Plaintiff's accommodation requests, as evidenced by Ms. Kerr's statement that granting the request would not appease Plaintiff's co-workers rather than citing any undue hardship.

34.

Distinctive Learning subsequently terminated Plaintiff's employment on January 3, 2024.

35.

Plaintiff's termination constitutes an adverse employment action under 42 U.S.C. § 2000gg-1(5).

36.

The close temporal proximity between Plaintiff's protected activity (requests for accommodation on December 20 and December 29, 2023) and Distinctive Learning's adverse employment action (termination on January 3, 2024) establishes a strong inference of retaliatory motive.

37.

Distinctive Learning's termination of Plaintiff was in direct retaliation for her requests for reasonable accommodations, in violation of 42 U.S.C. § 2000gg-1(5).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff demands a trial by jury on all issues trial by a jury and respectfully requests the following relief:

1. Compensatory damages for lost wages, economic benefits of employment to Plaintiff in the amount to be determined by the trier of fact;

2. Compensation for emotional distress and humiliation;

3. Punitive damages to punish Defendant for its discriminatory actions;

4. Cost of litigation in this action and her reasonable attorney's fees;

5. Any other relief the Court deems just and proper.

Respectfully submitted this 19th day of February 2025.

**JESSE KELLY PC**
By:    /s/ Jesse L. Kelly
Jesse L. Kelly, Esq.
Georgia Bar No. 935869
355 Lenox Road Suite 1000
jesse@jkellypc.com

9

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 5.1, the undersigned, attaches this Certificate of Service

This 19th day of February 2025.

**JESSE KELLY PC**

*/s/ Jesse Kelly*
**Jesse L. Kelly**
Ga Bar No. 935869
3355 Lenox Rd. Suite 1000,
Atlanta, GA 30326
Phone: (678) 460-6801
Fax: (678) 730-3443
jesse@jkellypc.com
